FRANK STEVENS, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Criminal Law**: INFORMATION: WITNESSES. It is by statute made the duty of the district attorney to endorse on an information the names of the witnesses known to him at the time of filing the same; and at such time *before the trial* of any case as the court may by rule or otherwise precribe he shall endorse the names of such other witnesses as shall then be known to him. There is no provision authorizing the endorsement of additional names during the trial.

2. ———: LARCENY. Where a party feloniously took a coat which contained a watch in the pocket, of which he claimed not to be aware at the time of the taking, but which he appropriated, *Held*, That he was liable for all the property taken by him.

3. ———: ROBBERY. To constitute robbery the property must be taken by force or violence, and with the intent to rob or steal.

4. ———: ———. A person charged in an information with robbery may be convicted of larceny, as the greater includes the less offense.

ERROR to the district court for Cass county. Tried below before MITCHELL, J.

*S. P. Vanatta,* for plaintiff in error.

*William Leese, Attorney General,* for defendant in error.

MAXWELL, CH. J.

The plaintiff was convicted of robbery at the December term, 1885, of the district court of Cass county, and sentenced to imprisonment in the penitentiary for three years.

The first error relied upon is, that the evidence is not sufficient to warrant a verdict of guilty of the offense charged. For reasons stated in this opinion a new trial must be granted; therefore we will not comment upon the evidence; but if the only error relied upon was that the verdict was against the weight of evidence, it would not be set aside. The first objection, therefore, is not well taken.

2.    That the court permitted two witnesses, whose names were not endorsed on the information before the trial, to testify over the objection of the plaintiff.

Sec. 579 of the criminal code, provides that "all information shall be filed during term in the court having jurisdiction of the offense specified therein, by the prosecuting attorney of the proper county as informant; he shall subscribe his name thereto and indorse the names of the witnesses known to him at the time of filing the same; and at such time before the trial of any case as the court may by rule or otherwise prescribe, he shall endorse the names of such other witnesses as shall then be known to him."

It will be seen that the prosecuting attorney is required to endorse on the information the names of *all the witnesses known to him* at the time of filing the information; and at such time *before the trial* as the court may by rule or otherwise prescribe prescribe he shall endorse thereon the names of such other witnesses as *shall then be known to him.* This is an entirely new provision, that no doubt was intended to apprise the accused in advance of the trial what witnesses

would testify against him, and thus enable him to make preparation for the production of testimony in his own behalf, or if some of his witnesses are absent that he may be able to make a satisfactory showing for a continnance. The evident object is to avoid surprise to the accused. A number of the provisions of our criminal code are copied substantially from the statutes of Illinois, some sections verbatim. In *Gardiner v. People*, 3 Scam., 89, and *Gates v. People*, 14 Ill., 435, it was held without a provision similar to section 579, that where the prosecution was aware of the existence and necessity of evidence before the commencement of the trial, it was usual to require him to give the accused notice of his intention to call such witnesses, so that the accused could apply for a continuance if he saw fit. There is no hardship in this rule, and it is clearly in furtherance of a fair trial, and being a positive provision of the statute it cannot be disregarded. The cases cited on behalf of the state from Kansas do not seem to be based on a statute similar to ours.

In *State v. McKinney*, 31 Kas., 576, it is said: "There is nothing in the rule of the court quoted in the record which substantially abridges this discretion (of the court), or which renders the action of court in this case subject to just exceptions." But there seems to be no discretion as to such endorsement given to our courts by the statute. The court therefore erred in permitting the prosecuting attorney to endorse the names of Patrick Kinney and William Duggan on the information during the progress of the trial, and then immediately call them as witnesses.

3. That the court erred in refusing to give the following instruction: "The defendant is charged with robbing one Oliver Scott of one overcoat and one watch. If you find from the evidence that at the time of the taking of said coat the watch was in the pocket of the coat, and that the defendant did not know it was there, but afterwards found it there, then he could not be charged with the in-

tent to rob him of the watch, and the fact that the watch was afterwards found on the person of the defendant and in his possession, is not sufficient to warrant you in finding him guilty of the robbery of the watch." It will not be seriously contended that the above instruction states the law correctly. The party took the coat which contained a watch, and appropriated all the property to his own use. There was but one act, and the party committing it is liable for all the property taken by him. The instruction was therefore properly refused.

4. The plaintiff asked the court to give the following instruction, which was refused:

"The fact that the defendant took the property in question from the person, and that it was afterwards found in his possession, is not sufficient to convict him of robbery. You must further find from the evidence beyond all reasonable doubt that the defendant took it from the person by force and in spite of his resistance, with the intent to rob or steal, and unless you do so find you must find the defendant not guilty."

Sec. 13 of the criminal code provides that, "If any person shall forcibly and by violence, or by putting in fear, take from the person of another any money or personal property of any value whatever, with the intent to rob or steal, every person so offending shall be deemed guilty of robbery, and upon conviction thereof shall be imprisoned in the penitentiary not more than fifteen nor less than three years." We find no instruction given by the court that covered the law stated in the above, and we think the instruction should have been given.

5. Objection is made that the court did not instruct the jury that they could find the plaintiff guilty of larceny if the proof failed to show sufficient evidence or putting in fear to constitute robbery. There is no doubt that a trial and acquittal for robbery is a bar to an indictment for larceny where the property alleged to have been taken is

the same. *The People v. McGowan*, 17 Wend., 386. In this case it is said by Cowen, J., speaking for the court: "The first indictment, though for a robbery, involved the question of simple larceny, of which the person under that indictment might have been convicted."

This is upon the principle that where several crimes are included one within the other, a conviction of the higher bars a prosecution for any lower, since the greater includes the less. And as a rule the same consequences follow an acquittal, because generally there can be a conviction for the lower on an indictment for the higher. 1 Bish. Cr. Law, § 682. *Lohman v. The People*, 1 Comst., 379. *Thayer v. Boyle*, 30 Me., 479. *State v. Townsends*, 2 Harrington (Del.), 546. In the case last cited it is said: "The plea of *autrefois acquit* is founded on the principle that no man shall be placed in peril of legal penalties more than once upon the same accusation. 4 Cr. Rep., 40–43. Hawk. b. 2 c. 26, § 63-35, § 1, 4 Bl. C. The plea of *autrefois* convict depends on the same principle that no man shall be put in peril of punishment more than once for the same offense." * * * "To plead *autrefois* convict with effect the crime must be the same in fact for which the defendant was before convicted, or *must be necessarily included in* the former."

In *State v. Lewis*, 2 Hawks, 98, where two indictments were found against a party at the same term, one for burglary and larceny and the other for robbery, and both indictments charged the same felonious, taking of the same goods, the person was tried on the first indictment and found guilty of larceny. No sentence was passed on the prisoner under this conviction, and the Attorney-General directed a *nolle* to be entered on the indictment, which the court refused to permit. The Attorney-General then sought to arraign the prisoner on the indictment for robbery. The court say: "It is admitted in this case that both indictments are for the same felonious taking of the same

goods. The defendant is found guilty of grand larceny on that indictment which charges a burglary and stealing. The other indictment is for robbery; a robbery is a larceny, but of a more aggravated kind. The first is a simple larceny; the other is a compound or mixed larceny, because it includes in it the aggravation of a felonious taking from the person. Now suppose the defendant should be tried and found guilty on the second indictment? It must certainly follow that he had been tried twice for the felonious taking of the same goods." See also *Roberts v. State,* 14 Geo., 8.

The elements of robbery to be averred and proved are—first, a larceny; second, wherein the asportation is from one's person; and third, is effected by force or putting the person in fear. 2 Bish. Cr. Pro., § 1001. An indictment for robbery therefore includes larceny, and the accused may be convicted of that offense. It follows that the judgment of the court below must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.