ROBERT DRAPER, APPELLANT, V. MAURICE H. SIGLER, WARDEN, NEBRASKA STATE PENITENTIARY, APPELLEE.

131 N. W. 2d 131

Filed October 30, 1964. No. 35725.

Robert Draper, pro se.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ., and DIERKS, District Judge.

SPENCER, J.

This is an appeal by Robert Draper, hereinafter referred to as appellant, from the dismissal of a petition for a writ of habeas corpus. Petition for the writ was filed in the district court for Lancaster County on October 16, 1963. On November 6, 1963, Maurice H. Sigler, warden of the Nebraska Penal and Correctional Complex, hereinafter referred to as respondent, made a return to an order to show cause why the writ should not be issued. On December 13, 1963, the district court entered an order that appellant's petition did not state facts sufficient to require the issuance of a writ, and that the court did not have jurisdiction to grant the relief requested, and dismissed the petition.

There is no dispute as to the facts herein. The appellant pleaded guilty to a charge of robbery in the district court for Douglas County, and on the 28th day of September 1956, was sentenced to the Nebraska State Reformatory for an indeterminate period of not less than 6 nor more than 9 years. On December 13, 1963, when the petition was dismissed, the appellant had served more than 7 years, and on October 5, 1964, when the case was heard in this court, more than 8 years on the sentence.

It is the appellant's contention: First, that the imposition of an indeterminate sentence was erroneous; second, that the sentence should be considered as a definite sentence for the minimum period or 6 years; and third, that he has served more than the 6 years and is therefore being illegally detained in the Nebraska State Penitentiary.

We agree that the sentence imposed was in this instance erroneous. It was imposed under the provisions of section 29-2620, R. R. S. 1943. So far as material herein, that section provides: "Every person over the

age of eighteen years convicted of a felony or other crime punishable by imprisonment in the penitentiary, *excepting* treason and *crimes of violence* or attempts at crimes of violence against the person of another, shall, if judgment be not suspended or a new trial granted, be sentenced to the penitentiary; but the court imposing such sentence may in its discretion, providing such person has not previously been confined in any penitentiary, impose upon such person an indeterminate sentence." (Emphasis supplied.)

It is to be noted that crimes of violence are specifically excluded from the operation of section 29-2620, R. R. S. 1943. Robbery is a crime of violence within the meaning of the statute. See Stevens v. State, 19 Neb. 647, 28 N. W. 304. The imposition of an indeterminate sentence was therefore erroneous. On the analogy of the reasoning found in In re Application of Rice, 144 Neb. 547, 14 N. W. 2d 850, which involved an indeterminate sentence for a second offense, and McElhaney v. Fenton, 115 Neb. 299, 212 N. W. 612, where the sentence exceeded the maximum authorized, we hold that where an indeterminate sentence is given for a crime of violence, the sentence is erroneous but not void.

Appellant in a proper proceeding could have had the sentence corrected. See Edmonds v. State, 163 Neb. 323, 79 N. W. 2d 453. He chose not to do so, but waited until he had served the required minimum and then sought a writ of habeas corpus, which is regarded as a collateral and not a direct proceeding when used as a means of attack upon a judgment sentencing a defendant. See Hulbert v. Fenton, 115 Neb. 818, 215 N. W. 104.

Habeas corpus is not available to the appellant on the facts herein. As we said in Michaelson v. Beemer, 72 Neb. 761, 101 N. W. 1007: " 'To obtain release by such a proceeding (habeas corpus), the judgment or sentence must be more than merely erroneous; it must be an absolute nullity.' "

In In re Havlik, 45 Neb. 747, 64 N. W. 234, we said:

" 'Mere errors and irregularities in a judgment or proceeding of a court in a criminal case under and by virtue of which a person is imprisoned, which are not of such a character as render the proceedings void, cannot be reviewed on an application for a writ of habeas corpus. That writ cannot operate as a writ of error.' "

There is a further reason why appellant cannot prevail. Rather than initiating proper proceedings to correct what appears to be an erroneous sentence, he permits himself to be committed and to serve the minimum period without complaint. Appellant then argues that the sentence is one for the minimum period specified in the sentence. Actually, the sentence is one for the maximum period specified in the sentence. This point is no longer open to question in this jurisdiction. In Studley v. Studley, 129 Neb. 784, 263 N. W. 139, we said: "A sentence of 'not less than one year nor more than ten years,' made under the provisions of the indeterminate sentence law of this state, is a definite sentence for the maximum term thereof."

When a court, in pronouncing an indeterminate sentence on a defendant, fixes the minimum at not less than the minimum and the maximum at not more than the maximum provided for the substantive offense of which the defendant stands convicted, and the defendant is committed under such sentence, he is required to serve the maximum unless sooner released from custody by the Board of Pardons under the provisions of law guiding the actions of that board, or unless such sentence is corrected or changed by proper proceedings. See Hulbert v. Fenton, *supra*.

The order of dismissal entered herein by the district court is in all respects correct and is hereby affirmed.

AFFIRMED.