STATE OF NEBRASKA, APPELLEE, v. JACK S. MARTIN, APPELLANT.
178 N. W. 2d 573

Filed June 26, 1970. No. 37526.

A. Q. Wolf and Bennett G. Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and CHADDERDON, District Judge.

SMITH, J.

A jury found defendant guilty of burglary, and the court sentenced him to imprisonment for 8 to 10 years. Defendant appeals. He complains that the court failed to instruct the jury on testimony of an accomplice and that the sentence was excessive.

No jury instruction on testimony of an accomplice was requested. Failure of the court to caution the jury on evidence given by an accomplice, in the absence of special request, will not ordinarily constitute

reversible error. Cornell v. State, 138 Neb. 708, 294 N. W. 851 (1940), modified on other grounds, 139 Neb. 878, 299 N. W. 231 (1941). Refusal of a requested instruction on the subject distinguishes Jungclaus v. State, 170 Neb. 704, 104 N. W. 2d 327 (1960).

The maximum sentence for burglary is 10 years. § 28-532, R. R. S. 1943. A police officer eyewitness positively identified defendant as a participant in the burglary of the liquor store at 1514 North 24th Street. The adult probation officer reported defendant's age to be 30. Defendant had been sentenced in 1959 to imprisonment for 3 years for assault with intent to commit robbery. He was discharged after having served 25 months. Afterward he received 2 fines and a jail sentence of 15 days for 3 minor misdemeanors.

Where punishment of a statutory offense is left to the discretion of the court, a sentence imposed within the statutory limits will not be disturbed unless an abuse of discretion appears. State v. Burnside, *ante* p. 234, 175 N. W. 2d 1 (1970). No abuse appears here.

The judgment is affirmed.

AFFIRMED.