STATE OF NEBRASKA, APPELLEE, v. ALBERT E. WALKER, APPELLANT.

183 N. W. 2d 745.

Filed February 11, 1971. No. 37675.

Leon C. Hines, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

Defendant was charged with forging and uttering a check on March 31, 1970, in Dundy County, Nebraska. Defendant entered a plea of guilty and was sentenced to a term of 4 to 8 years in the Nebraska Penal and Cor-

rectional Complex and to pay a fine of $1. The defendant has appealed.

Defendant assigns as error the failure of the court to consider defendant's drug addiction, the question of defendant's mental condition at the time of sentence, and the excessiveness of the sentence.

The bill of exceptions shows that defendant had competent legal counsel at his preliminary hearing and at all times subsequent thereto. The defendant was fully advised of his legal rights, constitutional and otherwise. He was fully advised of the consequences of his plea of guilty. He informed the court that he desired to plead guilty, that he had not been coerced in any manner, and that his plea of guilty was voluntary on his part. His legal counsel was present and assisted the defendant in the sentencing proceeding. There is no testimony in the record regarding his drug addiction or his mental condition during the proceedings other than statements of himself and his counsel made to the court after the plea and immediately prior to sentence. There was nothing before the court to support a finding of want of criminal intent due to drug addiction, nor anything to indicate that he was mentally incompetent at the time sentence was imposed.

In presenting defendant's position to the court, all of which appears in this record, counsel for the defendant very frankly pointed up the following in behalf of his client: Defendant is a single man, 47 years of age, who has been married to at least one common law wife. He has no children. Defendant's home is in Keyser, West Virginia. His 85-year-old father resides there and is financially unable to render any assistance to the defendant, the statement made being that, "They just don't have a dime." Defendant says that he has had training and experience as a welder and tree trimmer. He admits uttering the check with which he is charged with forging. He knew that the check was forged when he passed it. The rap sheet of the Federal Bureau of

Investigation is in evidence. It indicates that defendant has traveled about the country leaving "no account," "insufficient fund," and forged checks in his wake. He has been convicted of forgery on at least eight different occasions and lesser check offenses too numerous to mention.

Counsel for defendant asserted to the court that defendant was addicted to the use of alcohol and harmful drugs. His use of harmful drugs was so bad that he could not control their use and that he would use "street drugs" without regard to their drug content. It would be fair to say that his addictions to alcohol and harmful drugs and his association with dissolute women had reduced him to the state of a wandering human derelict.

In response, the county attorney did not dispute the foregoing facts and the degrading condition in which defendant now finds himself. He did point up the number of previous convictions and defendant's previous bad record. He contended, however, that the public was entitled to protection against such criminal conduct and a deterrent against the future criminal conduct of this defendant.

The trial court, in considering the sentence to be imposed, was faced with a dilemma: The enforcement of the law on the one hand for the protection of the public and the rehabilitation of the defendant on the other. The defendant asserted a desire to be freed from the addictions with which he was afflicted, but he had neither the finances nor the willpower to accomplish that end. It is evident from the statements of the court that it was a matter of deep concern to him. The court well knew that the restraint of the defendant for a period of 1 or 2 years was not long enough to insure rehabilitation. It appears, also, that the trial court felt that the best chance of rehabilitation of defendant, under the circumstances, was to sentence the defendant to the penal complex for such a period of time as to give the State a reasonable time to effectually treat the defendant

in facilities available to the State. With the foregoing considerations in mind, the defendant was sentenced to 4 to 8 years in the penal complex. The sentence is well within the term fixed by statute. We can find no abuse of discretion by the trial court. We are in accord with the apparent reasoning of the trial court in disposing of a difficult sentencing problem.

The sentence imposed by the district court is affirmed.

AFFIRMED.

SPENCER, J., participating on briefs.