STATE OF NEBRASKA, APPELLEE, V. PAMELA MARIE JONES,
APPELLANT.

193 N. W. 2d 562

Filed January 14, 1972. No. 38057.

Paul E. Watts, Michael N. Schirber, Samuel A. Boyer,
Jr., and Stephen Greenberg, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin
E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The defendant was convicted of forgery. The sole
question presented on this appeal is the excessiveness
of the sentence.

The defendant, a woman 22 years of age, on the date
of sentencing, was sentenced to imprisonment for an
indeterminate period of 1 to 2 years for the crime of
uttering a forged instrument. The record shows that
the defendant in a short period of time contempora-
neous with the particular offense to which she pled guilty,
uttered and cashed about $600 worth of checks at vari-
ous grocery stores, department stores, etc. The defend-
ant used two different check books, one the defendant
claims she found at a gas station and the second one a
woman had left at a health spa. She "found" the purse
and the check book in a lounge, and along with it was a
billfold, a couple of dollars in change, and identification
cards. The record reveals that some of the numerous
checks which she issued were for necessities, such as
food and clothing, and others were for luxuries. As a

part of a plea bargain, the record reveals that she will not be prosecuted upon any of the other checks involved in the $600 total, or any other offenses in connection with the check transactions.

The record reveals defendant was arrested in 1966 by the vice squad and forfeited bond of $10; an arrest for assault in 1967, no disposition shown; arrest for destruction of property in 1968, no disposition shown; an arrest for disorderly conduct in 1968, fine of $25 and costs; an arrest for petit larceny in 1968, fine of $10 and costs; an arrest for second offense petit larceny in 1969, sentence of 15 days in jail; an arrest for minor in possession in 1969, fine of $25 and costs; and an arrest in 1970 for unlawful entry, larceny, no disposition shown.

The circumstances of the present offense reveal the use of false identification papers, the stealing of a lady's purse, and other background facts which the district court took into consideration in making the determination of whether the defendant was entitled to probation.

The scope of our review is limited to the determination of whether the trial court abused its discretion in imposing the sentence it did. State v. Martin, 185 Neb. 699, 178 N. W. 2d 573; State v. Walker, 186 Neb. 439, 183 N. W. 2d 745. It is apparent that the trial court's determination the defendant was not a fit subject for probation, and the imposition of the minimum indeterminate sentence, was not an abuse of discretion.

The judgment of the district court is correct and is affirmed.

AFFIRMED.