STATE OF NEBRASKA, APPELLEE, v. STEVEN KECK, APPELLANT.

194 N. W. 2d 186

Filed February 4, 1972. No. 38197.

Joseph D. Martin, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

On pleas of guilty the district court sentenced Steven Keck to imprisonment as follows: Count I, 7 days for possession of cannabis; Count II, 2 to 5 years for sale of cannabis; Count III, 2 to 5 years for possession of "LSD," lysergic acid diethylamide; and Count IV, 2 to 5 years for sale of "LSD." The sentences were concurrent. Keck appeals. He assigns excessiveness of the sentences for error.

The offenses occurred in February and March 1971, and the court sentenced Keck on June 2, 1971. The controlling statutes were former sections 28-472.03, 28-472.04, 28-487, 28-489 (1), 28-497, and 28-498, R. S. Supp., 1969. They prescribed imprisonment of not less than 2 nor more than 5 years for the offenses charged in Counts II, III and IV of the information against Keck.

We summarize a presentence report and a postsentence classification of Keck at the penal and correctional complex. Born June 21, 1952, he quit school after completing one semester of the 10th grade. He has been on good terms with his parents, who attend church regularly. He is single.

The prior conviction record of Keck listed two offenses: Minor in possession of alcoholic liquor and contributing to the delinquency of a minor. A judge of a court of limited jurisdiction had held Keck in contempt of court for calling the judge a derogatory name.

A counselor reported on Keck: ". . . he accepts the idea of furthering his education enthusiastically . . .. Prognosis: good."

A psychological evaluation of Keck read: "There is

evidence of an emotional shallowness in his relationship to others. Keck is relatively free of conflicts and does not show anxiety until actually in serious difficulty. His behavior has been characterized by lack of concern and anxiety about potential dangers and punishments. Keck is further characterized by easy morals, readily circumvented conscience, and fluctuating ethical values. . . . He can easily become hostile and aggressive in his behavior towards others with little or no sense of guilt. Often he behaves . . . as if social regulations did not apply to him. . . . His powers of reasoning seem adequate and no clinical defects in judgment are evident. . . . Prognosis is fair, but questionable."

This court may reduce the sentence when in its opinion the sentence is excessive. § 29-2308, R. R. S. 1943; State v. Dixon, 186 Neb. 143, 181 N. W. 2d 250 (1970). A technique for deterrence of crime is scaling of penal sanctions. State v. Pope, 186 Neb. 489, 184 N. W. 2d 395 (1971).

The psychological evaluation with all the other circumstances is insufficient for us to classify Keck a danferous offender. We decrease the sentences on Counts II, III, and IV to imprisonment for 2 years. The sentences on the four counts remain concurrent. So modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.

BOSLAUGH, J., dissents.

NEWTON, J., concurring.

I concur in the opinion of Smith, J. Defendant was convicted and sentenced under section 28-472.04 (3), R. S. Supp. 1969, which fixed a penalty of not less than 2 nor more than 5 years imprisonment. The penalty has since been reduced to not less than 1 nor more than 5 years. See § 28-4,125, R. S. Supp., 1971. In view of the statutory change and the fact that defendant's previous record was good, a reduction in the sentence imposed appears justified.