STATE OF NEBRASKA, APPELLEE, v. HUBERT R. ETCHISON, APPELLANT.

195 N. W. 2d 498

Filed March 10, 1972. No. 38193.

L. W. Jim Weber and Larry F. Fugit, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

Defendant was convicted of failing to stop after being involved in an accident resulting in personal injuries. Defendant was traveling south in a northbound lane on a four-lane highway. He struck a northbound motorcycle and injured the driver. He then proceeded south a short distance, turned around, and while northbound, passed the scene of the accident. He did not stop at any time. We affirm the judgment of the district court as herein modified.

The license number of the automobile involved in the accident was obtained at the scene by a witness. It proved to be defendant's. Another witness positively identified defendant as the driver of the car which struck the motorcycle and the make and model of the car. A piece of chrome found at the scene appeared similar to a piece missing from defendant's automobile. The evidence of involvement in the accident and of a failure to stop seems conclusive. As a defense, de-

fendant maintained that he was afflicted with hypertension and high blood pressure which caused him to black out on occasion. He says he was suffering from such an attack at the time of the accident, was unaware of the accident, and has no recollection of it.

Defendant asserts the statute, section 39-762, R. R. S. 1943, is unconstitutional due to vagueness in that the term "injury" is not adequately defined. The statute refers to injury to the person. It is a term in common and accepted use. It is defined as "A hurt or damage done to a man's *person.*" Black's Law Dictionary (De Luxe 4th Ed.), p. 925. It is asserted that a layman may not be able to determine if an injury has been inflicted. Since knowledge that an injury has occurred is an essential element of the offense, it is apparent that this contention is without merit. See State v. Snell, 177 Neb. 396, 128 N. W. 2d 823.

After the accident, officers called at defendant's home, informed him he was suspected of being involved in an accident, and requested him to go to the police station. He did so, accompanied by his family, and on arrival, his wife, at the request of an officer, drove defendant's automobile into the police garage where it was examined by the police. Defendant asserts he was unlawfully arrested at his home without a warrant and that testimony relating to the examination and condition of his automobile was not admissible. There was no illegal search here. The damage to the car was to the outside and readily apparent. If the facts here were to be considered to constitute a search, it is the rule that when the condition of an automobile which is indicative of a criminal offense is in plain sight of an officer looking at the automobile from the outside, an examination is justified and legal. See State v. Rys, 186 Neb. 341, 183 N. W. 2d 253.

Defendant objects to that portion of the instruction which sets out the elements of the offense charged which are as follows: "2. That said defendant knew that the

accident happened and that an injury to a person had been inflicted." We can find no flaw in the instruction. The entire instruction refers to occurrences at the time of the accident and the jury could not have been misled into believing that subsequently acquired knowledge of the accident and injury was sufficient to sustain a conviction.

Defendant also excepts to the instruction given in regard to the credibility and weight to be given the testimony of an expert witness. The court gave the first paragraph of NJI No. 14.55 but omitted the rest. While it may be best to give the full instruction as recommended, the instruction as given has been approved. See, Penhansky v. Drake Realty Constr. Co., 109 Neb. 120, 190 N. W. 265; Christoffersen v. Weir, 110 Neb. 390, 193 N. W. 922; Brown v. Globe Laboratories, Inc., 165 Neb. 138, 84 N. W. 2d 151. Error, if any, was harmless and not prejudicial.

The most serious question deals with the severity of the sentence. In determining whether probation should be granted, and, if a sentence is to be imposed, its severity, there are many factors to be considered. The primary function of the criminal law is to protect individuals and society from the depredations of the criminally bent. In furtherance of this purpose, it is deemed necessary to mete out punishment as a deterrent to others and to lock up incorrigible criminals. On the other hand, the rehabilitation of criminals is one of society's major safeguards. Among factors meriting consideration are the family ties, age, mentality, education, experience, and social and cultural background of the convicted individual; his willingness to work at honest labor; his past criminal record or law abiding conduct; the motivation for the offense, the nature of the offense, and the amount of violence, if any, involved; the frankness and willingness of the defendant to cooperate; narcotic addiction, if any; circumstances aggravating or mitigating the offense; community attitudes toward the offense; and

the individual's potentialities for reform or recidivism.

The present case highlights some of the difficulties encountered by the sentencing judge in such situations. The defendant is a 47 year old man with a wife and three children. He has served 22½ years in the Armed Forces and recently received an honorable discharge. He receives retirement pay and a disability allowance. His wife is a school teacher and following his discharge from the service, defendant has held two responsible positions with private firms. His employers, associates, and acquaintances all speak highly of his character, industry, and integrity. His record is that of a law abiding citizen and the present is his first felony conviction. He is now employed and incarceration will result in his losing his position and render it difficult for him to obtain future employment. It likewise may embitter him and turn one who has been a law abiding citizen in the past into a recalcitrant criminal.

Where punishment for a statutory offense is left to the discretion of the court, a sentence imposed within the statutory limits will not ordinarily be disturbed unless an abuse of discretion appears. See State v. Martin, 185 Neb. 699, 178 N. W. 2d 573. When, in the opinion of this court, a sentence is excessive or not warranted by the evidence, the statute contemplates correction on appeal. See § 29-2308, R. R. S. 1943.

Defendant drove down a left-hand lane and struck a motorcycle, severely and permanently injuring the cyclist's foot. Defendant then turned around and returned past the scene of the accident. He failed to stop, offer aid, or comply with statutory requirements. There is absolutely no evidence of intoxication. Leaving the scene of an accident does not ordinarily involve willful violence or a heinous or vicious act. It is usually inspired by fear rather than a deliberate intent to commit a criminal act.

Defendant has been a good citizen and family man. He has also been industrious. If placed on probation

and permitted to continue as a responsible member of society, it is highly unlikely that he will ever again appear before the bar of justice. Under the circumstances, we believe that both the interests of defendant and of society require that he be granted probation on appropriate terms to be delineated by the trial judge.

As modified, the judgment of the district court is affirmed.

AFFIRMED AS MODIFIED.