STATE OF NEBRASKA, APPELLEE, v. JUDY L. STURM, APPELLANT.

202 N. W. 2d 381

Filed November 24, 1972. No. 38476.

T. Clement Gaughan and Paul M. Conley, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

A jury found Judy L. Sturm guilty of manslaughter, and the court sentenced her to imprisonment for 10 years. Judy appeals. She asserts that the sentence is excessive.

The victim was Judy's third husband, Harvey, whom she had married in 1969. Judy, age 28, was the mother of a daughter, age 7, by a previous marriage, and of a son, age 1½, by her marriage to Harvey.

Harvey had severely beaten Judy on several occasions prior to September 18, 1971, the date of the manslaughter. On the latter date Harvey tardily returned home in the City of Lincoln after 2 a.m. Drunk and violent, he (1) struck Judy in the thigh with a mustard jar; (2) hurled the jar against a wall hard enough to break the jar and splatter the wall; (3) repeatedly slapped Judy and kicked her in the stomach despite her implorations; (4) tore the telephone from a wall and struck the wall hard enough to break plaster and a

lath; (5) fragmented the telephone by beating it against a floor; (6) threatened to strangle Judy with the telephone cord; (7) destroyed a potted plant; (8) burned checks; (9) threw two lamps across the living room; and (10) threatened to strangle Judy with one of the lamp cords.

Finally allowing Judy to attend the children upstairs, Harvey silently retired for the night after he set the alarm clock. A malfunction activating the alarm 10 minutes after the setting had caused him to beat Judy December 31, 1970. She therefore crawled out of bed and adjusted the alarm to prevent the malfunction. She then opened the door to the bedroom closet, removed a 12 guage shotgun and two shells, and went downstairs to load the gun. Fearful that a commotion in a child's bedroom would awaken Harvey, she returned upstairs. As she passed the door of the parental bedroom, she heard movement inside. Entering, she shot Harvey at a distance of 8 feet while he lay in bed. When he bolted upright, she shot him again.

Judy immediately asked neighbors to call the police to protect her from Harvey. On arrival at the hospital he was dead in consequence of the first shot.

Judy had been graduated from high school. In her employment as a clerk-typist from 1961 to 1970 she had performed excellently. There was no history of prior criminal activity on her part.

A physician practicing psychiatry examined Judy after the shooting. Her personality was passive-aggressive, but she was not mentally ill. At the time of the shooting she had been very frightened for the safety of herself and her children. The physician continued: ". . . she is not capable of reasoning in a stressful situation, as stress makes this type of person react impulsively, and they don't stop and think about it as much as the normal person would do."

The minimum and maximum sentences to imprisonment for manslaughter are 1 and 10 years. § 28-403,

R. R. S. 1943. A sentence to imprisonment ought not exceed the minimum period consistent with protection of the public, gravity of the offense, and rehabilitative needs of the defendant. A. B. A. Standards Relating to Sentencing Alternatives and Procedures, § 2.2, p. 14 (Approved Draft, 1968). Protection of the public encompasses the principle of general deterrence. A technique for deterrence of crime is scaling of penal sanctions. State v. Keck, 187 Neb. 794, 194 N. W. 2d 186 (1972).

This court may reduce the sentence rendered by the district court against the accused when in its opinion the sentence is excessive, and it is its duty to render such sentence as in its opinion may be warranted by the evidence. § 29-2308, R. R. S. 1943.

Although the crime is manslaughter, we should not overlook circumstances of aggravation—the lapse of time between the violence and the shooting as well as Judy's conduct after Harvey retired. Mitigating circumstances are Harvey's brutality, Judy's great emotional disturbance, needs of the children, absence of prior criminal record, and the likelihood that the circumstances of such a crime by Judy will not recur. See, State v. Etchison, 188 Neb. 134, 195 N. W. 2d 498 (1972); A. B. A. Standards Relating to Sentencing Alternatives and Procedures (Approved Draft, 1968), § 3.2, pp. 21 and 153 to 156; Model Penal Code § 210.6(3), p. 132 (Proposed Official Draft, 1962); cf § 29-2260(3), R. S. Supp., 1972.

The foregoing facts and law lead us to reduce the period of imprisonment to 5 years. The judgment, so modified, is affirmed.

AFFIRMED AS MODIFIED.

SPENCER, J., dissenting.

I cannot agree to the reduction of the sentence herein. I do not believe it is excessive under the circumstances.

The county attorney in the first instance, considering the facts of the crime, saw fit to charge the defendant

with second rather than first-degree murder. In charging the jury, the trial court, at the request of the defendant, also gave the lesser-included offense of manslaughter. There is some question in my mind as to whether that charge was pertinent. The jury saw fit to convict the defendant of manslaughter. The trial court imposed the maximum penalty for that offense. In my judgment, he did not abuse his discretion in doing so.

WHITE, C. J., and NEWTON, J., join in this dissent.