STATE OF NEBRASKA, APPELLEE, V. EUGENE PAUL OZIAH, APPELLANT.

253 N. W. 2d 48

Filed April 27, 1977. No. 41007.

Stephen A. Scherr, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

WHITE, C. THOMAS, J.

The defendant Eugene Paul Oziah appeals from a denial of post conviction relief by the District Court. The sole issue raised in the petition is whether the defendant was denied his right to a speedy trial. We

decline to rule on that issue because the defendant has waived the right to relief on that ground.

The defendant's claim is based upon the delay between the filing of a complaint charging him with forgery on August 25, 1964, and his arrest on December 2, 1966. The delay was apparently caused by the incarceration of the defendant in the Nebraska Penal and Correctional Complex on another charge. He was not arrested on the forgery count until he was released from imprisonment on the other charge.

Prior to trial the defendant filed a motion to quash the information due to an alleged violation of his right to a speedy trial. The motion was heard and denied by the trial court. The defendant then plead guilty and was sentenced to probation for 18 months. The probation sentence was later revoked following the conviction of the defendant of robbery. He was then sentenced to a 5-year term which he had received from the robbery conviction.

The defendant did not appeal his case to this court directly following conviction in the District Court although he had presented the speedy trial issue to the District Court in his motion to quash the information. He instead chose to accept the advantages of a sentence of probation.

In State v. Lincoln, 186 Neb. 783, 186 N. W. 2d 490 (1977), it was held: "A motion to vacate a judgment and sentence under the Post Conviction Act cannot be used as a substitute for an appeal or to secure a further review of issues already litigated. State v. Hizel, 181 Neb. 680, 150 N. W. 2d 217.

"Where the facts and issues which are the grounds of a motion for post conviction relief were known to the defendant and his counsel, and were raised, heard, and determined at the time of the trial resulting in his conviction but were not raised in his direct appeal, those issues will not ordinarily be considered in a post conviction review."

Oziah was aware of his possible claim to a denial

of a speedy trial and acknowledged the claim through his motion to quash. By failing to raise that issue directly in an appeal, he waived the right to contest that issue in a post conviction review.

The judgment of the District Court is affirmed.

AFFIRMED.