STATE OF NEBRASKA, APPELLEE, V. DAVID TOMMY GENE SUGGETT, APPELLANT.

264 N. W. 2d 876

Filed April 19, 1978. No. 41743.

Richard G. Kopf of Cook, Lubberstedt & Kopf, for appellant.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

David Suggett, appellant herein, was convicted of murder in the second degree in 1972 and received an indeterminate sentence of imprisonment for not less than 20 nor more than 30 years. This court affirmed the conviction and sentence in State v. Suggett, 189 Neb. 714, 204 N. W. 2d 793 (1973). In June 1977, defendant filed this post conviction action pursuant to sections 29-3001 to 29-3004, R. R. S. 1943, seeking to set aside his conviction and sentence. Defendant alleged that the introduction in evidence of photographs at his trial denied him a fair and impartial jury and due process of law; and that the indeterminate sentence was not authorized by law, and constituted a denial of due process and equal protection of law, and cruel and unusual punishment.

Prior to a hearing on the matter, defendant applied for authority to retain a psychiatrist at public expense who would testify that the photographs in question "would have and did unduly influence the jury" at trial. The trial court denied the application, stating that an issue concerning admissibility of evidence was one of law to be decided by a judge.

After a hearing, the District Court overruled defendant's motion to vacate his conviction, but sustained the motion to vacate the sentence, and ordered a supplementary presentence report so that the defendant could be resentenced. After considering the report, the court sentenced the defendant to

confinement in the penal complex for a period of 30 years, with credit given for all time the defendant has served since February 22, 1972, the date of his arrest. Defendant has appealed, contending that the District Court erred in (1) determining that the admission in evidence of the photographs did not deny the defendant an impartial jury trial or due process of law; (2) denying his application to retain the psychiatrist as a consultant; and (3) failing to consider relevant sentencing criteria when resentencing the defendant, and delegating its sentencing authority to the parole board. We affirm, as modified, the judgment of the District Court.

Defendant's conviction arose out of a fight in a bar, during the course of which Benjamin Martinez struck the defendant, who retaliated by stabbing Martinez in the chest three times, inflicting fatal wounds. See State v. Suggett, *supra*. Defendant contends that five photographs admitted in evidence at trial inflamed the jury with prejudice against him. Two of these photographs were of the deceased lying on a table with his chest exposed. The other three were autopsy photographs depicting wounds in internal organs of the deceased. The photographs of the deceased were admitted in evidence in conjunction with the testimony of a physician and pathologist, who testified concerning the mechanism of death. Defendant objected to admission of the photographs at trial. In his original appeal to this court, the defendant contended that admission of one of the photographs, exhibit 5 at trial, was error, but did not assign as error admission of the other four photographs. This court found no error with respect to the admission in evidence of exhibit 5 in the original appeal.

The admission in evidence of exhibit 5 is clearly not a ground for post conviction relief. "A defendant who has appealed a conviction cannot secure a second review of the identical proposition examined

in that appeal by resorting to a post conviction procedure." State v. Bartlett, 199 Neb. 471, 259 N. W. 2d 917 (1977). The admission of exhibit 5 in evidence was upheld by this court in defendant's original appeal, and defendant cannot secure a second review of that issue in a post conviction proceeding.

With respect to the admission of the other four photographs, it must be noted that a post conviction proceeding cannot be used as a substitute for an appeal. "Where the facts and issues which are the grounds of a motion for post conviction relief were known to the defendant and his counsel, and were raised, heard, and determined at the time of the trial resulting in his conviction but were not raised in his direct appeal, those issues will not ordinarily be considered in a post conviction review." State v. Lincoln, 186 Neb. 783, 186 N. W. 2d 490 (1971). See, also, State v. Oziah, 198 Neb. 423, 253 N. W. 2d 48 (1977).

In the present case the defendant and his counsel were clearly aware of the issue concerning the admissibility in evidence of the four photographs, as evidenced by the fact that there was an objection to admission of the photographs at trial. The defendant chose to challenge the admissibility of exhibit 5 in his original appeal, but did not challenge the admissibility of the other four photographs. On these facts, we conclude that post conviction relief is not available on the contention that the admission in evidence of the photographs constituted reversible error. State v. Lincoln, *supra*. In any event, the four photographs in this case, when compared to photographs in other cases involving similar issues, were not such that their admission in evidence can be said to be an error of constitutional dimension warranting relief in a post conviction proceeding. See State v. Partee, 199 Neb. 305, 258 N. W. 2d 634 (1977), in which we discussed the admission in evidence of photographs of the deceased in a homicide case.

In view of the conclusions reached above, it is apparent that the trial court did not err in denying defendant's application to retain at State expense the psychiatrist for the purpose of securing testimony that the photographs in question had a prejudicial impact on the jury. We also note, as did the trial court, that the admission in evidence of photographs of the deceased in a homicide case is a question of law for the trial court, which must weigh the probative value of such evidence against its possible prejudicial effect. See State v. Partee, *supra*. The right of an indigent defendant to the appointment of an expert witness at State expense generally rests in the discretion of the trial court. See Annotation, Right of Indigent Defendant in Criminal Case to Aid of State by Appointment of Investigator or Expert, 34 A. L. R. 3d, § 4, at p. 1269. It cannot be said that the trial court abused its discretion in that respect.

Defendant's final contention is that the trial court erred in sentencing him to a term of imprisonment of 30 years because the court did not adequately consider all relevant sentencing criteria, and unlawfully delegated its sentencing authority to the parole board. Defendant's primary complaint is that the trial court did not adequately consider his good prison record in resentencing him.

This case is an unusual one in that the defendant was resentenced after a post conviction hearing because his first sentence was held invalid. Defendant's original indeterminate sentence of imprisonment for 20 to 30 years was not valid under the rule announced in State v. Laravie, 192 Neb. 625, 223 N. W. 2d 435 (1974), decided subsequent to State v. Suggett, *supra*. In Laravie we held that upon conviction for second degree murder, the trial court is not authorized to pronounce an indeterminate sentence, but must impose a sentence of a definite term of years. Under Laravie, it is apparent that the defendant was entitled to have his original sentence vacated. His

claim on appeal is essentially that the trial court abused its discretion in imposing the new sentence, and that the new sentence is excessive. This court has the authority to reduce a sentence rendered by the District Court when "in its opinion the sentence is excessive, and it shall be the duty of the Supreme Court to render such sentence against the accused as in its opinion may be warranted by the evidence." § 29-2308, R. R. S. 1943.

In resentencing the defendant, the trial court stated it did not believe that a sentence harsher than the original one should be imposed, and that the defendant's good prison record should be considered. The court also stated, however, that the consideration of defendant's prison record "is more properly done by the parole board than by me, and I think it will be done by them in more effective manner than by me." The court did not believe probation would be an appropriate sentence because probation would depreciate the seriousness of the crime. The court then imposed a sentence of 30 years, the same as the maximum term of defendant's original sentence. The effect of the new sentence, however, is that the defendant has a minimum term of 10 years for the purpose of determining eligibility for parole. See, State v. Blankenship, 195 Neb. 329, 237 N. W. 2d 868 (1976); State v. Thompson, 189 Neb. 115, 201 N. W. 2d 204 (1972).

A sentence of imprisonment ought not exceed the minimum period consistent with protection of the public, gravity of the offense, and rehabilitative needs of the defendant. State v. Sturm, 189 Neb. 299, 202 N. W. 2d 381 (1972). We agree with the trial court that a sentence of imprisonment is required in this case in view of the serious nature of the crime. There are factors present in this case, however, which lead us to conclude that a sentence of 30 years is not warranted by the evidence. The defendant has no significant criminal record other than the

conviction involved in this case. The crime he committed, although a serious one, was unplanned, and provoked by the victim. Defendant has exhibited a willingness to work at honest labor, is not addicted to alcohol or narcotic drugs, and has cooperated with authorities. Such factors are relevant in determining the severity of a sentence to be imposed. See State v. Etchison, 188 Neb. 134, 195 N. W. 2d 498 (1972).

Significantly, two of the defendant's supervisors at the penal complex stated that his conduct has been exemplary since he was incarcerated more than 5 years ago. As stated by one of the supervisors: "Over all Mr. Suggett is a model worker and inmate. He gets along fine with all the other inmates and supervisor's. He is in no way a trouble maker, but carries his own respect. He has a good appearance and habits, along with a job that carries a great responsibility." Both supervisors indicated that the defendant was rehabilitated and fit for release.

As indicated above, it is important to consider the rehabilitative needs of the defendant in sentencing. See, State v. Sturm, *supra*; State v. Etchison, *supra*. The defendant's prison record provides evidence, not available at the time of his original sentencing, that an extended period of incarceration is not required to rehabilitate the defendant. "The primary function of the criminal law is to protect individuals and society from the depredations of the criminally bent." State v. Etchison, *supra*. The defendant's lack of a significant criminal record prior to this crime, the circumstances of the crime, and his prison record indicate that the defendant is not "criminally bent," and that a term of 30 years is not required to adequately protect the public.

We conclude that a term of imprisonment of 15 years is proper in this case. Although probation is not appropriate in view of the serious nature of the crime, such a sentence is consistent with protection

of the public, gravity of the offense, and rehabilitative needs of the defendant. State v. Sturm, *supra*. For the reasons set forth above, we affirm the judgment of the District Court, but modify the sentence to a term of 15 years. As ordered by the District Court, the defendant shall receive credit for all time he has served since February 22, 1972.

AFFIRMED AS MODIFIED.

BOSLAUGH, J., dissenting in part.

I dissent from that part of the opinion which holds that the District Court had the power to vacate the original sentence on a motion for post conviction relief under sections 29-3001 to 29-3004, R. R. S. 1943. The sentence to imprisonment for 20 to 30 years for second degree murder afforded no basis for post conviction relief.

In State v. Laravie, 192 Neb. 625, 223 N. W. 2d 435, a direct appeal, we held that an indeterminate sentence was not authorized in a second degree murder case. In Draper v. Sigler, 177 Neb. 726, 131 N. W. 2d 131, we held that if an indeterminate sentence is imposed for a crime for which such a sentence is not authorized, the sentence is erroneous but not void and is effective as a sentence for the maximum term imposed.

It seems to me that under the rule of the Laravie case and the Draper case the sentence in this case became a flat 30-year sentence. Under section 83-1,105 (2), R. R. S. 1943, it was the legal equivalent of a sentence of 10 to 30 years imprisonment.

There was nothing about the sentence in this case which rendered the judgment void or voidable under the *Constitution of Nebraska* or the *Constitution of the United States.*

WHITE, C. J., joins in this dissent.