STATE OF NEBRASKA, APPELLEE, V.
LOUIS M. CONOVER II, APPELLANT.
703 N.W.2d 898

Filed September 30, 2005. No. S-04-576.

James R. Mowbray, Robert W. Kortus, and Matthew J. Connealy II, Senior Certified Law Student, of Nebraska Commission on Public Advocacy, for appellant.

Jon Bruning, Attorney General, J. Kirk Brown, Solicitor General, and Dan Money, Senior Certified Law Student, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

The district court for Adams County sentenced Louis M. Conover II to two consecutive sentences of life imprisonment without parole after accepting his pleas of no contest to two counts of first degree murder charged as Class IA felonies. In this direct appeal, Conover contends that his sentences are erroneous because an amendment to the statute defining the penalty for a Class IA felony enacted during a 2002 special session of the Nebraska Legislature violated Neb. Const. art. IV, § 8. We find merit in this contention, and therefore, we vacate the sentences and remand the cause to the district court with directions for resentencing.

## BACKGROUND

On March 24, 2003, Conover was charged with two counts of first degree murder and two counts of use of a deadly weapon to commit a felony in connection with the February 8 deaths of his parents. In a subsequent amended information, the State gave notice of its intent to seek the death penalty based on one or more of four aggravating circumstances. Conover entered pleas of not guilty to the charges.

Conover was represented in the district court by the Adams County public defender, who filed various pretrial motions in his behalf. The motions were overruled. Conover made, but then withdrew, a motion for appointment of different counsel. At various times, Conover complained to the district court that he had trouble communicating with his defense counsel, but he eventually withdrew each complaint.

As the result of a plea agreement, Conover was arraigned on an amended information charging him with two counts of first degree murder. The amended information did not include a notice of aggravating circumstances, and the prosecutor stated on the record that as a part of the plea agreement, the State was charging Conover with two Class IA felonies and was not seeking the death penalty. Conover entered pleas of no contest on each of the two counts. During the hearing at which his pleas were entered, Conover expressed satisfaction with his legal representation. Conover was subsequently sentenced to two consecutive terms of life imprisonment without parole and ordered to pay costs in the amount of $1,939.39.

After this direct appeal was perfected, this court entered an order relieving the Adams County public defender of any further responsibility to Conover and appointing the Nebraska Commission on Public Advocacy to represent him in this appeal. This order was based upon pro se filings by Conover indicating that he intended to raise issues of ineffective assistance of counsel in this appeal.

## ASSIGNMENTS OF ERROR

Conover assigns, renumbered and restated, (1) that the sentences of life imprisonment without parole are unconstitutional because they were prescribed by a statute which was amended during a special session of the Legislature and the amendment did not fall within the legal scope of such session, (2) that his trial counsel was ineffective in failing to challenge the sentences in the district court, (3) that the district court erred in ordering his sentences to be served consecutively, and (4) that he was deprived of effective assistance of counsel and a fair trial in violation of his rights under the U.S. and Nebraska Constitutions.

## STANDARD OF REVIEW

■ The constitutionality of a statute is a question of law, regarding which the Nebraska Supreme Court is obligated to reach a conclusion independent of the determination reached by the trial court. *State v. Gales*, 269 Neb. 443, 694 N.W.2d 124 (2005).

## ANALYSIS

### LIFE IMPRISONMENT WITHOUT PAROLE

 The constitutional issue presented in this appeal was not asserted by Conover's trial counsel in the district court at the time of sentencing. Generally, a constitutional question not properly raised in the trial court will not be considered on appeal. *State v. Bjorklund*, 258 Neb. 432, 604 N.W.2d 169 (2000); *State v. Bainbridge*, 249 Neb. 260, 543 N.W.2d 154 (1996). However, where the constitutional invalidity of a statute is plain and such determination is necessary to a reasonable and sensible disposition of the issues presented, we are required by necessity to notice the plain error. See *State v. Goodseal*, 186 Neb. 359, 183 N.W.2d 258 (1971). See, also, *State v. Johnson*, 269 Neb. 507, 695 N.W.2d 165 (2005) (Gerrard, J., dissenting). We invoke this principle in reaching the constitutional issue presented here.

In response to the decision of the U.S. Supreme Court in *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002), the Nebraska Legislature amended Nebraska's capital sentencing statutes by passing L.B. 1 during a special session of the Legislature in 2002. See 2002 Neb. Laws, L.B. 1, 3d Spec. Sess. (Nov. 22, 2002). Under the law in effect both prior and subsequent to the 2002 amendments, the offense of murder in the first degree is punishable as either a Class I or a Class IA felony. Neb. Rev. Stat. § 28-303 (Reissue 1995 & Supp. 2003). The penalties for various felony classes are set forth in Neb. Rev. Stat. § 28-105 (Reissue 1995 & Cum. Supp. 2004). Conover's claim that his sentences were unconstitutional is based upon the 2002 amendment to § 28-105(1) included in L.B. 1, § 1. Prior to the amendment, the penalty for a Class IA felony was "Life imprisonment." § 28-105(1) (Reissue 1995). As a result of the amendment, the penalty for a Class IA felony is now "Life imprisonment without parole." § 28-105(1) (Cum. Supp. 2004). See *State v. Gales*, 265 Neb. 598, 658 N.W.2d 604 (2003). Section 11 of L.B. 1 amended Neb. Rev. Stat. § 29-2520(1) (Cum. Supp. 2004) by adding a provision that "[i]f no notice of aggravation has been filed, the district court shall enter a sentence of life imprisonment without parole."

We addressed these amendments in *State v. Gales, supra,* a death penalty appeal which was pending in this court when the U.S. Supreme Court decided *Ring v. Arizona, supra.* We held in *Gales* that the new constitutional rule announced by the U.S. Supreme Court in *Ring* necessitated resentencing at which the presence or absence of aggravating circumstances sufficient to support imposition of the death penalty would be determined by a jury pursuant to the new procedures set forth in the amendments. With respect to the amendment to § 28-105(1), we conducted an ex post facto analysis and held:

> If, in a subsequent amendment on the same or similar subject, the Legislature uses different terms in the same connection, a court interpreting the subsequent enactment must presume that the Legislature intended a change in the law. . . . Because the language used in L.B. 1 to describe the minimum penalty for first degree murder is clearly different than the prior statutory language, we presume that the Legislature intended to change the minimum penalty. For this reason, we conclude that subjecting [the defendant] to the enhanced minimum sentence of life without parole upon remand for resentencing would violate ex post facto principles.

(Citation omitted.) *State v. Gales,* 265 Neb. at 633, 658 N.W.2d at 629-30. We therefore ordered that upon resentencing, the minimum sentence to which the defendant could be exposed was "life imprisonment, not life imprisonment without parole." *Id.* at 636, 658 N.W.2d at 632. We reached the same conclusion in *State v. Mata,* 266 Neb. 668, 668 N.W.2d 448 (2003), another death penalty appeal pending in this court when *Ring* was decided. Neither *Gales* nor *Mata,* nor any other case, has presented the specific constitutional issue before us in this case.

■■■ As noted, L.B. 1 was enacted during a special session of the Legislature. Neb. Const. art. IV, § 8, provides: "The Governor may, on extraordinary occasions, convene the Legislature by proclamation, stating therein the purpose for which they are convened, and the Legislature shall enter upon no business except that for which they were called together." With respect to this constitutional provision, we have held that the Legislature, while in special session, may enact legislation

relating to, germane to, and having a natural connection with the purpose for which it was convened. *Arrow Club, Inc. v. Nebraska Liquor Control Commission*, 177 Neb. 686, 131 N.W.2d 134 (1964). The purpose or subject as stated in the proclamation is to be determined by an analysis and construction of the proclamation as a whole. See, *id.*; *Chicago, B. & Q. R. Co. v. Wolfe*, 61 Neb. 502, 86 N.W. 441 (1901). The presumption is always in favor of the constitutionality of legislation, and an act should be held to be within the proclamation if it can be done by any reasonable construction. *Arrow Club, Inc. v. Nebraska Liquor Control Commission, supra.*

With respect to the 2002 special session in which L.B. 1 was enacted, the Governor's proclamation stated that the session was being called

> for the purpose of considering and enacting legislation on only the following subjects:
>
> 1. To enact procedures for jury participation in the first degree murder sentencing process as required by the recent decision of the Supreme Court of the United States in *Ring v. Arizona*;
>
> 2. To enact procedures to establish lethal injection as a means of enforcing a sentence of death; and
>
> 3. To appropriate funds for the necessary expenses of the extraordinary session herein called.

Legislative Journal, 97th Leg., 3d Spec. Sess. 3 (Nov. 7, 2002). Conover argues that the amendment to § 28-105(1) was not germane to or related to any purpose stated in the Governor's proclamation and that the statute as amended is therefore unconstitutional.

The State argues that contrary to our holding in *State v. Gales*, 265 Neb. 598, 658 N.W.2d 604 (2003), the amendment changed only the language and not the substance of the statutory penalty for a Class IA felony. The State contends that this is so because under both the prior and the amended versions of § 28-105(1), a person serving a life sentence is not eligible for parole. The State further argues that *Gales* incorrectly applied the legal presumption that the Legislature's use of different language effects a substantive change because no ambiguity existed and the Legislature's stated purpose, as reflected in

floor debate on the amendment, was to clarify that under then-existing law, life imprisonment necessarily meant life imprisonment without parole.

Even assuming for the sake of argument that the Legislature was merely attempting to clarify what it believed to be existing law when it amended § 28-105(1) in the 2002 special session, we conclude that the amendment was not related to or germane to any of the purposes for which it was called and had no natural connection to such purposes. The Governor's proclamation was narrow and specific, authorizing consideration of changes to existing statutes pertaining to the death penalty. There is no language in the proclamation which can reasonably be construed as authorizing the Legislature to amend a statute pertaining to life imprisonment, whether for purposes of clarification or substantive change. Thus, the 2002 amendments to §§ 28-105(1) and 29-2520(1), which insert the phrase "without parole" after "life imprisonment" contravene the constitutional directive that the "Legislature shall enter upon no business except that for which they were called together" in a special session. See Neb. Const. art. IV, § 8. We therefore conclude that whatever its intent, the Legislature lacked constitutional authority to amend the language of the statutory penalty for a Class IA felony during the 2002 special session.

In the context of our ex post facto analyses in *State v. Mata*, 266 Neb. 668, 668 N.W.2d 448 (2003), and *State v. Gales, supra*, we concluded that the phrase "without parole," as employed in L.B. 1, was severable so as to permit resentencing to life imprisonment under the prior version of the statute if the death penalty was not imposed on remand. Moreover, for the same reason that the Legislature lacked constitutional authority to add the phrase "without parole" to § 28-105(1) during the 2002 special session, it also lacked authority to repeal the version of the statute then in existence which prescribed the penalty for a Class IA felony as life imprisonment. Thus, at the time of Conover's sentencing, the district court had statutory authority to impose a sentence of life imprisonment on each of the two counts of first degree murder, but it lacked authority to add the phrase "without parole." Consequently, the sentences were erroneous but not void. See *State v. Rouse*, 206 Neb. 371, 293 N.W.2d 83 (1980), and *Draper*

*v. Sigler*, 177 Neb. 726, 131 N.W.2d 131 (1964) (both holding that indeterminate sentence imposed for crime, where not authorized by statute, is erroneous but not void). See, also, *State v. Alford*, 6 Neb. App. 969, 578 N.W.2d 885 (1998).

■ In Conover's brief, he requests that we "[r]emand this case to the district court for resentencing with direction to impose the minimum sentences for first degree [murder] in effect prior to the imposition of L.B. 1." Brief for appellant at 17. Inasmuch as this court has the power on direct appeal to remand a cause for the imposition of a lawful sentence where an erroneous one has been pronounced, *State v. Mentzer*, 233 Neb. 843, 448 N.W.2d 409 (1989), we conclude that remand with directions to resentence Conover to life imprisonment on each of the two convictions is warranted.

### OTHER ASSIGNMENTS OF ERROR

■ Because we reach and resolve the constitutional issue on plain error, we need not address Conover's contention that his trial counsel was ineffective in not raising it in the district court. Conover also assigns, but does not argue, error in the imposition of consecutive sentences. Errors that are assigned but not argued will not be addressed by an appellate court. *State v. Marshall*, 269 Neb. 56, 690 N.W.2d 593 (2005).

Conover further assigns, without specificity, that he "was deprived of the effective assistance of counsel and a fair trial" in violation of his rights under the 5th, 6th, and 14th Amendments to the U.S. Constitution and article I, §§ 3 and 11, of the Nebraska Constitution. Brief for appellant at 3. To the extent that this general assignment is intended to encompass matters other than Conover's claim that his trial counsel failed to challenge the constitutionality of his sentences, we conclude that the record is insufficient to permit meaningful review on direct appeal. We express no opinion as to whether Conover's general assignment of ineffective assistance of trial counsel is sufficient to preserve any such claims for postconviction review. See *State v. Marshall, supra.*

### CONCLUSION

For the foregoing reasons, we affirm Conover's convictions on both counts of first degree murder, but vacate the sentences

of "life imprisonment without parole" and remand the cause to the district court with directions to resentence Conover to life imprisonment on each conviction, with the sentences to run consecutively.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED WITH DIRECTIONS
FOR RESENTENCING.