STATE OF NEBRASKA, APPELLEE, V. C. RAY CURRY, APPELLANT.

171 N. W. 2d 163

Filed October 17, 1969. No. 37226.

Thomas L. Anderson, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

The defendant was charged in the district court for Hall County with two counts of petit larceny. Defendant entered a plea of guilty to each count. On the first count, defendant was sentenced to 6 months in jail and a fine of $500. On the second count, defendant was sentenced to 6 months in jail to be served consecutively with the jail term imposed on the first count. The defendant has appealed.

The evidence shows that on the evening of December 12, 1968, and the morning of December 13, 1968, the defendant, Cynthia Thompson, and Cindy McConnell arranged to cooperate in stealing merchandise from Skagway Department Stores, Inc. The evidence is that of the three participants and defendant's employer given to the trial court immediately preceding the sentencing of the defendant. This evidence may be summarized as follows:

Cynthia was 18 years of age, married, and the mother of a small child. She was employed by Skagway in its Grand Island store and, at the time of the thefts, was working as a checkout girl at a cash register. Cindy was 18 years of age, single, and had formerly been employed by Skagway. She lived with her parents in North Platte and at the time here involved was visiting at the home of Cynthia. She met the defendant for the first time through her boyfriend the day before the thefts. Defendant asked her if she knew of a way to get some Christmas presents for his children at reduced prices and she said she would see what she could do. She talked to Cynthia who stated she would do it for the defendant. Defendant was 27 years of age, divorced, the father of three children whose custody was with the

mother, and employed by Cornhusker Homes as a finishing carpenter.

On December 13, 1968, defendant and Cindy went to Skagway after Cynthia reported for work, selected two dolls priced at $10 or $11 each, a stuffed animal of unknown value, and two tape recordings priced at $6.95 each and was permitted by Cynthia to carry them out for a charge of $8. An hour or two later, the time-lapse being in dispute, defendant and Cindy came into the store, selected a large amount of merchandise for Cynthia, defendant, and others. Cynthia turned back some of the merchandise, but accepted $33 for merchandise priced at $185 found in sacks in the possession of Cindy and defendant as they were leaving the store. It was admitted by the three participants that the two larcenies occurred pursuant to a scheme previously agreed upon.

Cynthia and Cindy had no previous criminal record but admitted that the same offense had been committed a few times by them at Skagway and another store without any participation by the defendant. Within a year prior to the commission of the present offense, defendant was convicted of assault and battery in which firearms were involved and sentenced to 3 months in jail. After serving 20 days in the county jail, he was transferred to the Nebraska Penal and Correctional Complex because of his incorrigible conduct while in jail. Prior thereto, defendant was convicted for obstructing justice and was fined $100. He was never previously involved in any larceny or anything similar to the present case.

The defendant contends that the sentences were excessive under the foregoing fact situation. It has long been the rule of this court that the imposing of criminal sentences by the district court is a discretionary matter with which this court will not interfere in the absence of an abuse of such discretion if the sentence is within the limits prescribed by the applicable statute. State v.

Paul, 177 Neb. 668, 131 N. W. 2d 129. See, also, § 29-2308, R. R. S. 1943.

It is argued here that uniformity of sentences on the same factual situations is to be desired. The alleged excessiveness of the sentences is based on the fact that Cynthia and Cindy were each sentenced to 90 days in jail for their part in the offenses. As a general proposition, the argument is a valid one. The determination as to when a pattern exists and should be applied in reviewing a sentence in this court creates many problems because of the intangible considerations involved. The trial court having conducted the trial and observed the defendant is in a much better position to determine the sentence to be imposed after considering questions of punishment, rehabilitation, and the deterrence of future violations. Local history and statistics might be of importance in imposing a sentence. Large increases in particular offenses in the locality could well require more severe sentences than otherwise to obtain adequate law enforcement. It is shown in the brief of the State that in the city of Grand Island in 1967, there were 209 larceny offenses in excess of $50 and 418 such offenses of less than $50 known to the police. Hoover, Crime in the United States, Uniform Crime Reports—1967, p. 187. This suggests the public need for discouraging the commission of these offenses by more severe sentences to deter potential thieves. Subject to some exceptions, similar persons found guilty of similar crimes should be punished substantially the same. But, on the other hand, persons found guilty of crime must accept the natural hazards that inhere in the sentencing process. In addition to the foregoing, we point out that the evidence of defendant alone would sustain a conviction for grand larceny and a sentence equal to or in excess of those imposed in the case at bar.

We point out here that the sentencing of convicted criminal defendants is the primary function of the district courts and the right of review in this court is limited

to finding an abuse of discretion by such courts in imposing sentences. The nature of the offense committed and its relation to the need for the protection of society, its effectiveness as punishment of the defendant, the evaluation of the possibilities of rehabilitation of the wrongdoer, its effect in deterring future offenses by defendant and potential offenders, and its consistency with the sense of justice of the local community are important considerations in a proper exercise of the judicial discretion lodged in the sentencing court. The foregoing standard guidelines for imposing a just sentence appear to have been followed and a just sentence imposed upon the defendant. We find nothing in the record indicating an abuse of discretion by the trial court in imposing the sentences that it did.

The journal entry reciting the imposition of the sentences states: "The Court further finds, from the evidence, that the Defendant, Ray Curry, is incorrigible, and cannot be contained in the Hall County Jail and that for this reason, he should be removed to the Nebraska Penal Complex for safe keeping." The quoted provision exceeds the powers of the district court and is void. The sentence authorized by the trial court must be in accordance with section 28-512, R. R. S. 1943. The provision of the sentence above quoted is hereby stricken as void and the sentences imposed are otherwise affirmed. The transfer of a convicted defendant sentenced to the county jail is governed by section 29-1001, R. R. S. 1943.

We find no prejudicial error in the record before us and the judgment as modified is affirmed.

AFFIRMED AS MODIFIED.