STATE OF NEBRASKA, APPELLEE, V. REGINALD McCOWIN,
APPELLANT.
213 N. W. 2d 724

Filed December 21, 1973. No. 39099.

Edward F. Fogarty of Swenson, Guilfoyle & Fogarty, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is a direct appeal from an indeterminate sentence of from 3 to 9 years in the Nebraska Penal and Correctional Complex upon a plea of guilty to an information charging an assault with intent to inflict a great bodily injury. It is claimed that the sentence is excessive. We affirm the judgment and the sentence of the District Court.

A detailed review of the facts, however, is unnecessary. As the defendant concedes, the assault on the victim in this case, was entirely unprovoked, and "of the ambush variety." Before the court accepted his plea of guilty to Count III, the defendant and his attorney agreed that the victim Mark Clark was knocked unconscious. The assault was upon a complete stranger to the defendant, and was occasioned by a trip to North High School, Omaha, Nebraska, to pick up his sister. While there he met some friends, also involved in assaults upon other students. The assault took place in the high school hall

and the only occasion for it was, as the defendant himself said, "I was looking at this one boy and he was looking at me."

The defendant, only 16 years of age, is no stranger to the law. At age 12 he ran away from home five times for periods of 1, 7, 7, 12, and 6 days. He was placed on probation by the juvenile court. In the probationary period he ran away two times. He took money from his mother without permission. His incorrigibility on probation resulted in his being committed to the Boys Training School at Kearney. His commitment was suspended so that he could be placed in the custody of the Omaha Home for Boys. At the Omaha Home for Boys he ran away twice. At age 14, on May 15, 1970, he left the Home for Boys and was again placed on probation from the juvenile court for 1 year. Nevertheless, he continued his running-away from home pattern, refused to attend school regularly, and refused to obey curfews set by his own parents and refused to advise his parents of his whereabouts and activities. This conduct led only to an extension of his probationary period for about 8 months. During this period he was arrested for attempted burglary on October 25, 1971, at age 15½ and received an extension of his juvenile court probation to January 1973. There are other indications of serious misconduct on the part of the defendant that appear in his presentence investigation and in the résumé by the court in the disposition of this case.

The trial court conducted an extensive hearing in connection with the sentencing of this defendant. At the end of the hearing his findings were to the effect that the defendant was dangerous to society, that rehabilitation and probation in the normal context had failed, and that the defendant could be better provided rehabilitation in an institution. The crime the defendant committed was a serious one and violent. It also appears that besides the present offense, the defendant com-

mitted another unprovoked assault at about the same time as the first one.

From what we have said it is apparent there was no abuse of discretion by the District Court in imposing the sentence that it did.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.