STATE OF NEBRASKA, APPELLEE, V. MARY ROSE BROWN,
APPELLANT.
213 N. W. 2d .712

Filed January 4, 1974. No. 39150..

Walter J. Matejka, for appellant.

Herbert M. Fitle, Gary P. Bucchino, and Richard J. Epstein, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant, Mary Rose Brown, appeals her conviction of violating an ordinance of the city of Omaha, which reads as follows: "25.133.020. Indecent, lewd or filthy acts. It shall be unlawful for any person to commit any indecent, lewd or filthy act in any place in the City, or to utter any lewd or filthy words, or to sing any song, the words of which are suggestive of indecency or immorality, or use any threatening or abusive language in the hearing of other persons publicly, or to make any obscene gesture to or about any other person or persons publicly." We affirm.

Defendant, in her brief, argues the sufficiency of the evidence, the overbreadth of the ordinance, and the excessiveness of the penalty. The evidence is fairly conclusive that defendant was engaged in oral copulation.

The difficulty with defendant's argument on overbreadth is that the issue was not raised in the trial court. Actually, the ordinance is not to be found in the record. We have set it out herein from the defendant's brief. The question is not properly before us. However, it is patent that the act complained of is within the terms of the ordinance set out in defendant's brief. Her conduct clearly was an indecent, lewd, or filthy act. Even if properly raised, the defense of unconstitutionality would not be available herein. Embedded in the traditional rules governing constitutional adjudication is that a person to whom a statute may be constitutionally applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in situations not before the court. Broadrick v. Oklahoma (1973), 413 U. S. 601, 93 S. Ct. 2908, 37 L. Ed. 2d 830.

Defendant was sentenced to the maximum jail term of 6 months. She contends this was excessive. The maximum penalty is 6 months in the county jail and a fine of $500. Our law is well settled that a sentence imposed by a trial court within statutory limits ordinarily will not be disturbed on appeal in the absence of an abuse of discretion. State v. Curry (1969), 184 Neb. 682, 171 N. W. 2d 163. We cannot say on this record that the trial judge abused his discretion.

The judgment is affirmed.

AFFIRMED.

McCOWN, J., dissenting.

I dissent. The ordinance is so vague and contains so many constitutional infirmities as to be void on its face.