STATE OF NEBRASKA, APPELLEE, V. PEDRO CANO, APPELLANT.

217 N. W. 2d 480

Filed April 25, 1974. No. 39328.

G. Randolph Reed, for appellant.

Clarence A. H. Meyer, Attorney General, Warren D. Lichty, Jr., and Robert G. Avey, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

The defendant, Pedro Cano, was, after trial by jury,

convicted of the offense of shooting with intent to wound or kill, and was thereafter sentenced to the Nebraska Penal and Correctional Complex for a period of 5 to 8 years. He appeals that conviction and sentence to this court. We affirm.

The shooting involved in this case occurred on the night of June 23, 1973, in the J & F Tavern in Morrill, Nebraska. It appears from the record that earlier that evening the defendant and the victim, one Joe Martinez, had both been in the tavern and had engaged in an altercation which involved the defendant throwing bottles and other objects at Joe Martinez. Shortly thereafter the owner of the tavern drove the defendant, Pedro Cano, to his home, and defendant indicated that he would remain there. However, defendant returned to the tavern shortly thereafter, having provided himself with a gun and shells from his home. Upon arriving at the tavern, the defendant confronted Joe Martinez, and, after a brief exchange of words, shot Martinez several times. The defendant was immediately captured, disarmed, and placed under arrest. Although seriously injured, Martinez survived his wounds. The trial, conviction, and sentence followed. In his appeal, the defendant assigns as error that the evidence is insufficient to support a verdict of guilty and also that the sentence is excessive. We cannot agree.

Eight witnesses testified for the State, of which five were in the tavern at the time of the shooting and were eyewitnesses to all or various parts of what transpired. There is no question from the evidence, and the witnesses so testified, that immediately upon his return to the tavern the defendant pulled out his revolver and fired it at the victim, at least several times. Even the defendant admitted firing the gun at the victim and admitted hitting him, but denied that he had any intent to do so. The defendant, in his testimony, has raised the issue of self-defense, claiming that Martinez, prior to the

shooting, had used certain insulting and opprobrious words toward the defendant, and also that he did not shoot Martinez until it appeared that Martinez was coming toward him. The only evidence supporting the claim of the defendant in this regard was the testimony of the defendant himself. The testimony of the other eyewitnesses, present at the time of the shooting, was to the effect that Martinez did not step toward the defendant nor did he use any opprobrious language toward him; or that, according to some of the witnesses, they did not hear any such language used, or notice any motion on the part of Martinez in moving toward the defendant. Suffice it to say, that both claims of the defendant were matters for the determination of the jury and were determined by it in its verdict. With regard to the question of criminal intent on the part of the defendant, the jury could reasonably conclude that the defendant had the intent necessary to sustain a conviction, and this issue was presented under the instructions of the court. Buckley v. State, 131 Neb. 752, 269 N. W. 892 (1936). Also during the trial the defendant requested that the court instruct the jury on the issue of self-defense, and the court did so instruct the jury. It is clear that the jury could reasonably conclude, as it must have, that the defendant did not act in self-defense. In determining the sufficiency of evidence to sustain a conviction in a criminal prosecution, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the jury. State v. Marion, 174 Neb. 698, 119 N. W. 2d 164 (1963); State v. Garza, 187 Neb. 407, 191 N. W. 2d 454 (1971). The credibility of the witnesses and the weight of the evidence in a criminal case are for the jury and a verdict will not be set aside on appeal if the evidence sustains some rational theory of guilt. See, State v. Lewis, 184 Neb. 111, 165 N. W. 2d 569 (1969); State v. Reeder, 183

Neb. 425, 160 N. W. 2d 753 (1968); Sedlacek v. State, 166 Neb. 736, 90 N. W. 2d 340 (1958); Williams v. State, 115 Neb. 277, 212 N. W. 606 (1927).

The defendant also contends that the sentence of 5 to 8 years imposed by the District Court was excessive. The statute under which the defendant was charged, section 28-410, R. S. Supp., 1972, provides for a minimum sentence of 1 year and a maximum sentence of 50 years. Defendant correctly points out that under the law of this state the Supreme Court may reduce a sentence rendered by the District Court and it is the duty of the Supreme Court to render such sentence as may be warranted by the evidence. § 29-2308, R. R. S. 1943; State v. Thunder Hawk, 188 Neb. 294, 196 N. W. 2d 194 (1972); State v. Sturm, 189 Neb. 299, 202 N. W. 2d 381 (1972). The defendant also points out certain elements to be considered by the court in making this determination, as set out in State v. Etchison, 188 Neb. 134, 195 N. W. 2d 498 (1972); A.B.A. Standards Relating to Appellate Review of Sentences (Approved Draft, 1968), § 3.2, Commentary a, b, and c, pp. 51 to 53. The defendant argues in his brief that certain factors involved in this case would require a modification of the sentence imposed, to wit, the allegation of no prior criminal record on the part of the defendant, no predisposition for violence, a lack of prospects that violence will recur, the emotional stability of the defendant, his willingness to work at honest labor and his history of steady employment, his age and family ties, the mentality and education of the defendant, and a positive potential for rehabilitation and reform. There is nothing in the record to substantiate defendant's allegations in this record. The record does reveal, however, that a presentence investigation was ordered by the District Court and the results of that investigation were considered by the trial judge at the time of rendering sentence. However, the record on that investigation is not before this court, although it could have been requested

by defendant. See, Supreme Court Rule 7 h, as amended December 6, 1973; and State v. Richter, *ante* p. 34, 214 N. W. 2d 16 (1973). From the record before us, the only pertinent items revealed by the record would appear to be the fact that the defendant was a married man, had a child, and was a laborer by occupation. We must of necessity, therefore, revert to the well-established rule in this jurisdiction that where the punishment of an offense created by statute is left to the discretion of the court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed on appeal unless there appears to be an abuse of discretion. State v. Brown, *ante* p. 61, 213 N. W. 2d 712 (1974); State v. McCowin, *ante* p. 31, 213 N. W. 2d 724 (1973); State v. Medina, 189 Neb. 765, 204 N. W. 2d 785 (1973). Under the circumstances it is clear that there was no abuse of discretion on the part of the sentencing court and we affirm that sentence.

AFFIRMED.