STATE OF NEBRASKA, APPELLEE, V. MORRIS D. COMBS, APPELLANT.

222 N. W. 2d 533

Filed October 31, 1974. No. 39484.

T. Clement Gaughan and Richard L. Goos, for appellant.

Clarence A. H. Meyer, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The defendant appeals from a burglary conviction, asserting the insufficiency of the evidence to support the verdict of the jury; that there was error in the admission of certain statements of the defendant in evidence; and that the indeterminate sentence of not less than 3 and ⅓ years nor more than 5 years in the Nebraska Penal and Correctional Complex was excessive. We affirm the judgment and sentence of the District Court.

We examine the assignment of error that the evidence was insufficient to support the verdict of guilty. In

the early morning hours of November 13, 1973, somebody broke and entered into the Ress Insurance Agency, located in the lower level of the building known as the Century House, 600 South Twelfth Street, in Lincoln, Nebraska. It is not disputed that a burglary occurred. The owner testified that approximately $7 to $10 was taken from the office; certain files in the office had been damaged; drawers rifled; and the front door had been smashed in. A safe had been removed from the office, taken to the first floor on the elevator, and then removed to the south parking lot. Further evidence showing the nature and extent of the burglary need not be recited in this opinion.

The evidence shows that the owner had employed the defendant's wife for a little over 3 years in general office work and that the defendant had been in the office many times. There is direct evidence of identification of the defendant at the scene of the burglary, an unusual circumstance in a burglary case. Michael Buttz lived in the Century House. He left about 2 o'clock in the morning of the break-in to get cigarettes. He went to a vending machine in the basement, stopped off enroute to check the mail on the first floor, and found a pack of Kool cigarettes jammed in the latch of the security door. He noticed the other elevator was downstairs. He proceeded downstairs and upon arriving there saw that the other elevator was "locked to be off". While getting his cigarettes from the vending machine in the storage room he saw a safe coming out of the Ress office. The safe had a blanket over it. Later he saw a man pushing the safe and loading it onto the elevator. In the trial Buttz identified the defendant as the same man he had seen in the basement and outside in the south parking lot standing near a Buick Electra. And, while the defendant was still sitting in his car which had been stopped by the police on Twelfth Street a short time after the burglary,

this witness then identified him as the same man he had seen earlier that night. There is other evidence supporting this identification that need not be recited here. One of the cars in the parking lot observed by Buttz was a Buick Electra 225. The defendant's car was a Buick Electra 225 with a noisy muffler. The man pushing the safe out of the Ress Insurance Agency was wearing a black leather jacket. A black leather jacket was found in the defendant's apartment when it was searched with the consent of the defendant's wife. It is apparent that there was both direct and circumstantial evidence linking the defendant almost conclusively as the person who had been in the building, removed the safe, and had performed the other acts described. The intent to steal is readily inferable from the fact that an attempt had been made to enter the locked file drawer containing petty cash. Drawers had been rifled, and the safe was actually moved from the basement to the first floor and rolled out onto the parking lot south of the building after an attempt had been made to open it. The defendant's car had a loud muffler on it as did the one that was heard near the scene of the crime shortly after it had occurred.

It is self-evident from this recital of only a portion of the evidence that it is amply sufficient to sustain the verdict. After a jury has considered all the evidence and returned a verdict of guilty, that verdict may not, as a matter of law, be set aside on appeal for insufficiency of evidence, if the evidence sustains some rational theory of guilt. State v. Harig, *ante* p. 49, 218 N. W. 2d 884. The thrust of the defendant's argument is to point out some inconsistencies and discrepancies in the testimony of the State's witnesses and asks the court, in effect, to determine that the credibility of the State's witnesses was so destroyed that it was insufficient to support the guilty verdict. The credibility of the witnesses and the weight of the evidence in a

criminal case are for the jury and a verdict will not be set aside on appeal if the evidence sustains some rational theory of guilt. State v. Cano, 191 Neb. 709, 217 N. W. 2d 480.

The next contention of the defendant is that certain statements that he made were not voluntary and were therefore inadmissible in evidence. The testimony to which the defendant objects in his argument was given on the defendant's own initiative. It was not given in response to interrogation nor after the giving of the Miranda warnings. We observe that Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, cited by the defendant in his argument, explicitly held that volunteered statements of any kind are admissible without prior explanation of the defendant's rights. The statements to which he objects were the result of a conversation following a request to talk to Detective Thomas and to Detective Barker of the Lincoln police department. The evidence shows that when he started talking about the burglary, they stopped him, telling him they did not want to talk about the burglary any more. They did not give him the Miranda warnings on this second contact with him after they had previously given them to him, because "we were not interrogating him anymore regarding the burglary; that he was there at his own request to see us." The trial court ruled that the statements complained of were voluntarily made by the defendant himself, and the evidence supporting this finding is conclusive in the record. There is no merit to this contention.

Lastly, the defendant contends as excessive his 3 1/3 to 5 year indeterminate sentence. The statute, section 28-532, R. R. S. 1943, provides for a possible sentence of 1 to 10 years in the Nebraska Penal and Correctional Complex. The District Court had before it a presentence investigation report, a part of which contained a record of prior criminal conduct on the part of the defend-

ant. At the hearing on sentencing the defendant only presented as mitigating circumstances the fact that he might have a medical problem; that he had a family; and that he probably has some time to do for parole violation. The record is devoid of any evidence or inference that there was any abuse of discretion by the sentencing judge. A sentence imposed within the statutory limits will not be disturbed on appeal unless there appears to be an abuse of discretion. State v. Harig, *supra.*

The judgment of the District Court is correct and is affirmed.

AFFIRMED.