STATE OF NEBRASKA, APPELLEE, V. MICKEL L. KEIL,
APPELLANT.

224 N. W. 2d 363

Filed December 19, 1974. No. 39501.

Richard J. Bruckner of Schrempp, Bruckner & Dinsmore, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MC-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

The defendant was charged under the provisions of section 39-6,104.01, R. R. S. 1943, with having, on August 26, 1973, left the scene of a personal injury accident. After a plea of not guilty, defendant was convicted by a jury and sentenced to a term of 3 years in the Nebraska Penal and Correctional Complex.

On this appeal it is contended that the sentence is excessive and that the defendant should be placed on probation or the sentence reduced.

In support of the defendant's claim for leniency, his present counsel urges the following considerations: (1) The defendant is a product of a broken home and was deprived of normal parental guidance; (2) his relative youth, having been born November 10, 1951; (3) the fact that he was regularly employed and a good and competent worker; (4) his trial counsel was willing to undertake the supervision of his probation; (5) he had no prior felony convictions; and (6) since his conviction on the charge he has refrained from operating a motor vehicle, has spent his evenings at home, and has thus rehabilitated himself. Urging the desirability

of considering probation as a first alternative in imposing sentence, counsel cites our policy statements in State v. Shonkwiler, 187 Neb. 747, 194 N. W. 2d 172; State v. Curry, 184 Neb. 682, 171 N. W. 2d 163; and State v. Etchison, 188 Neb. 134, 195 N. W. 2d 498; and the A.B.A. Standards relating to Sentencing Alternatives and Procedures.

We have stated frequently that the sentence imposed by the trial court should not be disturbed on appeal in the absence of an abuse of discretion. State v. Combs, *ante* p. 551, 222 N. W. 2d 833.

The sentence limits provided by statute for the offense charged are either a 30-day to 1-year term in the county or municipal jail, or 1 year to 5 years in the Nebraska Penal and Correctional Complex. § 39-6,104.03, R. R. S. 1943. The statute further provides for suspension of the motor vehicle operator's license for a period of 1 year after completion of the sentence. The great differences between the minimum and the maximum sentence authorized by the Legislature indicates a recognition by it of the varying degrees of culpability of a defendant dependent upon circumstances surrounding the offense and his attitude toward the responsibilities of operating a motor vehicle.

In this case both the circumstances of the crime and the defendant's prior record indicate a callous disregard for the life and limb of others as well as an unwillingness to learn from the imposition of previous lesser penalties.

The record discloses that at the time of the offense the defendant in his car and an acquaintance in another car were drag racing on McKinley Street near 45th Avenue in Omaha, Nebraska. They first raced westerly on McKinley Street and then turned about and raced easterly on the same street. At the point where the collision occurred McKinley Street is a four-lane street divided by a narrow median. The car in which the

injury victim was a passenger, driven by one Cecil Life, was proceeding easterly at a speed of about 40 or 45 miles per hour. The car with which the defendant was racing apparently passed the Life car on the right. The defendant's car was seemingly unable to pass, and struck the Life car in the rear, propelling it forward. When Life had almost regained control of his car, it was struck again and severly damaged by the defendant's car. The defendant, without stopping, either drove or, out of control, continued into an adjacent parking lot where his car spun about. From there the defendant fled the scene by driving past the Life vehicle, crossing the median, and proceeding west in the eastbound lane of traffic. Later he and friends were observed removing broken and damaged parts of his car in a garage near his home. The defendant was identified as the driver of the car involved in the collision by, among others, an acquaintance who was near the accident scene and observed the start of the drag race.

The defendant, following his conviction by the jury, maintained his innocence to the probation investigator, but finally acknowledged his guilt at the time of sentencing.

The record of the defendant's convictions for driving offenses indicates that the imposition of relatively mild sentences has been fruitless in bringing about a change in his driving habits. He was first convicted of a minor traffic offense on September 7, 1968. Defendant was granted probation and required to attend traffic school. Beginning about 6 weeks later, and continuing until February 21, 1970, he was convicted of five considerably more serious charges for which fines on a generally increasing scale were imposed. On April 28, 1970, his license was suspended for having accumulated 12 points within a 1-year period. On June 29, 1970, he was convicted of willful reckless driving and driving while his operator's license was under suspension.

For this he was sentenced to, and apparently served, 30 days in jail and his license was suspended for an additional year. Thereafter he was again convicted for driving while he was under suspension and again received a 30-day sentence and an additional 6-months suspension of his license. In 1972 he was convicted of driving while intoxicated and fined $100 and his license was again suspended.

At the time of the offense here charged and of which he was convicted, he was again driving while his license was suspended. For this latter offense he received a 30-day jail sentence and another suspension. At that time there were charges pending against him for having assaulted and resisted an officer on July 8, 1973, the disposition of which is not shown. The record also shows the defendant served a 90-day sentence for burglary in 1970.

It is not possible to say that the trial court abused its discretion in imposing the sentence it did.

AFFIRMED.