STATE OF NEBRASKA, APPELLEE, v. VASTINE LEON ERVING, ALSO KNOWN AS SAM SAUSAGE, APPELLANT.
228 N. W. 2d 619

Filed May 1, 1975. No. 39837.

T. Clement Gaughan and Richard L. Goos, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

On February 3, 1974, the defendant, who was incarcerated and serving a sentence in the Nebraska Penal and Correctional Complex, pushed corrections officer, Lieutenant William J. Ruhge, who was about to take him to solitary confinement as a result of institutional infractions, and also struck the officer in the eye with

a fingernail clipper while defendant was resisting Lieutenant Ruhge and other officers. He had previously thrown two cups of water on a guard after being refused a cigarette. Defendant was originally charged with the commission of a felony, but the information was later amended to charge defendant with an unlawful assault on William J. Ruhge, which is a misdemeanor. He was later sentenced to 30 days in the county-city jail in Lancaster County, Nebraska, the sentence to be consecutive to any term or terms then being served by the defendant. He has appealed to this court assigning as error the failure of the court to make the sentence run concurrently with the time being served by the defendant, and also alleging that the sentence was excessive. We affirm.

The statutory penalty for the misdemeanor offense of assault is a fine not exceeding $500 or imprisonment in the jail of the county not exceeding 6 months. § 28-411, R. S. Supp., 1974. The sentence imposed was clearly not excessive. However, defendant urges this court to reduce the sentence of the trial court under section 29-2308, R. R. S. 1943, and asserts that it is the duty of the court to do so if warranted by the evidence. The evidence does not so warrant, and we decline to do so. Were we to modify the 30-day sentence and make it run concurrently rather than consecutively with defendant's present sentence, it would be tantamount to defendant receiving no sentence at all. We have repeatedly ruled that we will not disturb a sentence imposed within the limits of the statute unless there appears to be an abuse of discretion. State v. Cano, 191 Neb. 709, 217 N. W. 2d 480 (1974). There was no abuse of discretion in this case. Judgment affirmed.

AFFIRMED.