trial court did not err in refusing to invalidate the agreement as unconscionable.

## CONCLUSION

Upon our de novo review of the record, we find that Ficke met his burden of proving both the existence of the oral contract and its terms by clear, satisfactory, and unequivocal evidence. We also conclude that he sufficiently proved that his performance was solely referable to the oral contract. We determine that the contract was not unconscionable, and we affirm the district court's order.

Affirmed.

———————————

State of Nebraska, appellee, v.
Aaron P. Brooks, appellant.
___ N.W.2d ___

Filed December 9, 2014.    No. A-14-246.

1. **Sentences: Prior Convictions: Appeal and Error.** A sentencing court's determination concerning the constitutional validity of a prior plea-based conviction, used for enhancement of a penalty for a subsequent conviction, will be upheld on appeal unless the sentencing court's determination is clearly erroneous.

2. **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.

3. **Sentences: Probation and Parole.** It is within the discretion of the trial court whether to impose probation or incarceration.

4. **Prior Convictions: Proof.** In a proceeding to enhance a punishment because of prior convictions, the State has the burden of proving such prior convictions by a preponderance of the evidence.

5. **Sentences: Prior Convictions: Evidence: Proof.** On an appeal of a sentence enhancement hearing, an appellate court views and construes the evidence most favorably to the State.

6. **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

7. **Statutes.** It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language.

8. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.
9. **Appeal and Error.** An appellate court may, at its option, notice plain error.
10. \_\_\_\_. Plain error must be not only plainly evident from the record but also of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, or fairness of the judicial process.
11. **Sentences.** A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime.
12. **Sentences: Appeal and Error.** An appellate court has the power on direct appeal to remand a cause for the imposition of a lawful sentence where an erroneous one is pronounced.

Appeal from the District Court for Buffalo County: William T. Wright, Judge. Affirmed in part, and in part vacated and remanded for resentencing.

Brandon J. Dugan, Deputy Buffalo County Public Defender, for appellant.

Jon Bruning, Attorney General, George R. Love, and Mary C. Byrd, Senior Certified Law Student, for appellee.

Inbody, Chief Judge, and Irwin and Bishop, Judges.

Inbody, Chief Judge.

## INTRODUCTION

Aaron P. Brooks appeals his plea-based conviction for refusal to submit to a chemical test enhanced by two prior convictions and the sentence imposed thereon. We reject Brooks' argument that mitigating facts brought to the attention of the district court by a defendant pursuant to Neb. Rev. Stat. § 60-6,197.02(3) (Cum. Supp. 2014) are used by the court in determining whether an otherwise valid prior offense should be used for the purpose of enhancement. However, because the sentence imposed by the court failed to impose a mandatory fine, we vacate Brooks' sentence and remand the matter for resentencing.

## STATEMENT OF FACTS

Pursuant to a plea agreement, Brooks, who was represented by counsel, pled no contest to an amended information

charging him with refusal to submit to a chemical test with two prior convictions, a Class IIIA felony. Brooks pled to the underlying charge of refusal to submit, but reserved the right to contest his prior convictions to be used for the purpose of enhancement. Pursuant to the plea agreement, the State also agreed to dismiss a county court case charging Brooks with driving during revocation and no proof of insurance. The State provided a factual basis setting forth that on May 31, 2013, at 1 a.m., a Kearney police officer conducted a traffic stop of Brooks' vehicle. Upon making contact with Brooks, who was driving, the officer noticed a strong odor of an alcoholic beverage coming from Brooks, who also showed impairment on field sobriety tests. Brooks' breath alcohol content was determined to be .17 grams of alcohol per 210 liters of breath on a preliminary breath test. Following the postarrest chemical test advisement, Brooks refused to submit to a chemical test. The court found that a factual basis existed for Brooks' plea, accepted Brooks' plea, and found him guilty of the underlying refusal to submit to a chemical test charge.

At the enhancement hearing, the State introduced into evidence certified copies of Brooks' 2001 and 2003 convictions for second-offense driving under the influence, which certified copies also established that Brooks was represented by counsel at the time of both his pleas and his sentencings. Brooks' counsel then sought to submit mitigating circumstances as part of the enhancement hearing, which he was allowed to do, requesting that the court take judicial notice of the current version of § 60-6,197.02, as well as the driving under the influence statutes that were in effect at the time of Brooks' two prior driving under the influence convictions. The court agreed to take judicial notice of the requested statutes. The district court found that there had been two prior convictions that should be counted for the purposes of enhancement and proceeded to the sentencing hearing. The court stated that it was considering as mitigation of Brooks' sentence the fact that his previous convictions were approximately 12 and 14 years prior to the current offense. The court further stated that

he would generally send someone with Brooks' history and background to prison for 2 to 6 years; however, the court was going against its usual policy due to the probation officer's recommendation of probation and the State's indication that it was willing to accept a sentence of probation. The court then sentenced Brooks to 4 years' probation with various conditions, including 90 days' incarceration commencing immediately with work release allowed. Brooks was ordered to abstain from alcohol and complete 120 days of continuous alcohol monitoring. Brooks was also ordered to serve an additional 90 days' incarceration incrementally, on the recommendation of probation and the order of the court. Additionally, following Brooks' release from jail, he was to serve a 45-day no-driving period, after which he could obtain an ignition interlock permit and installation of an ignition interlock device. Brooks' license was revoked for a period of 5 years. The court did not order Brooks to pay a fine.

## ASSIGNMENTS OF ERROR

On appeal, Brooks' assignments of error, consolidated and restated, are that the trial court erred in failing to consider mitigating facts before finding that an otherwise valid prior conviction would be used for enhancement and failing to find that his prior convictions should not have been used to enhance his sentence. He also contends that the sentence imposed upon him was excessive.

Brooks also assigns as error that the district court erred in failing to articulate its general findings regarding the imposition of his sentence and the enhancement of his sentence with specificity and consistency and in making factual findings that were clearly erroneous. However, Brooks' brief does not argue these assignments of error; rather, he merely restates the assignment of error and refers the court to previous sections in his brief. An argument that does little more than to restate an assignment of error does not support the assignment, and an appellate court will not address it. *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014). Thus, we decline to address these two assignments of error.

## STANDARD OF REVIEW

[1] A sentencing court's determination concerning the constitutional validity of a prior plea-based conviction, used for enhancement of a penalty for a subsequent conviction, will be upheld on appeal unless the sentencing court's determination is clearly erroneous. *State v. Mitchell*, 285 Neb. 88, 825 N.W.2d 429 (2013); *State v. Garcia*, 281 Neb. 1, 792 N.W.2d 882 (2011).

[2,3] Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Rieger*, 286 Neb. 788, 839 N.W.2d 282 (2013); *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013). It is within the discretion of the trial court whether to impose probation or incarceration. *State v. Rieger, supra*; *State v. Wills*, 285 Neb. 260, 826 N.W.2d 581 (2013).

## ANALYSIS

*Enhancement of Sentence.*

Brooks contends that the district court erred in determining that there were valid prior convictions that enhanced his sentence. We note that Brooks does not argue that his prior convictions were invalid; instead, Brooks argued to the district court, and argues on appeal, that under § 60-6,197.02(3), the district court was allowed to consider mitigating facts before finding that a particular prior conviction would be used for enhancement, and that there were sufficient mitigating facts in his case, e.g., the length of time between the prior convictions and his current offense, such that his prior convictions should not have been used to enhance his sentence.

[4,5] In a proceeding to enhance a punishment because of prior convictions, the State has the burden of proving such prior convictions by a preponderance of the evidence. *State v. Taylor*, 286 Neb. 966, 840 N.W.2d 526 (2013). On an appeal of a sentence enhancement hearing, we view and construe the evidence most favorably to the State. *Id*.

In the instant case, the State introduced into evidence certified copies of Brooks' 2001 and 2003 convictions for second-offense driving under the influence, which certified copies also established that Brooks was represented by counsel at the time of both his pleas and his sentencings. Brooks does not dispute that these convictions were within the 15-year period prior to the offense for which the sentence was being imposed as required by § 60-6,197.02(1)(a) and (c). Further, although the Nebraska Supreme Court has construed the language of § 60-6,197.02(3) as permitting within limits a challenge based upon denial of the Sixth Amendment right to counsel, Brooks has not challenged the validity of his previous convictions on this basis and the records clearly show he was represented by counsel at the time of previous convictions and the sentencings thereon. See, *State v. Scheffert*, 279 Neb. 479, 778 N.W.2d 733 (2010); *State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999). Thus, the State made a prima facie showing that Brooks' 2001 and 2003 convictions were valid for the purposes of enhancement.

Once the State makes a prima facie showing that a defendant's convictions are valid for purposes of enhancement, "[t]he convicted person shall be given the opportunity to review the record of his or her prior convictions, bring mitigating facts to the attention of the court prior to sentencing, and make objections on the record regarding the validity of such prior convictions." § 60-6,197.02(3). Brooks claims that this statutory language supports his position that a court can use mitigating facts to determine that an otherwise valid prior conviction should not be used for enhancement.

[6-8] Statutory language is to be given its plain and ordinary meaning, and this court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *State v. Taylor, supra*. It is not within the province of this court to read a meaning into a statute that is not warranted by the legislative language. *Id*. Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by

the court below. *Id*.; *State v. Abdulkadir*, 286 Neb. 417, 837 N.W.2d 510 (2013).

Pursuant to the statutory language contained in § 60-6,197.02(3), the defendant may "bring mitigating facts to the attention of the court prior to sentencing." However, the statute does not provide that the mitigating facts presented by the defendant would be considered by the court in determining whether otherwise valid prior convictions would be used to enhance a defendant's sentence. Since the statute specifically provides that the defendant may "bring mitigating facts to the attention of the court prior to sentencing," when this language is given its plain and ordinary meaning, the language is properly interpreted that the mitigating facts offered by the defendant may be considered by the court in determining the imposition of a sentence appropriate for that particular defendant. Because we reject Brooks' argument that mitigating facts are considered by the district court in determining whether an otherwise valid prior conviction should be used for the purposes of enhancement, we likewise reject his claim that the district court erred in failing to find that there were sufficient mitigating facts such that his prior convictions should not have been used to enhance his sentence.

*Excessive Sentence.*

Brooks contends that the length of his sentence of 4 years' probation is excessive as applied to him because of mitigating factors including (1) the length of time between his previous offenses and the current offense, (2) his age, and (3) his long-term employment as a foreman/superintendent with a construction company that requires extensive travel throughout the United States, which employment he contends he will be forced to change during the time he is on probation. We do not reach the merits of Brooks' claims regarding the excessiveness of his sentence, because we find plain error with his sentence in that the court failed to impose a mandatory fine.

[9,10] An appellate court may, at its option, notice plain error. *Wayne G. v. Jacqueline W.*, 288 Neb. 262, 847 N.W.2d 85 (2014). Plain error must be not only plainly evident from

the record but also of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, or fairness of the judicial process. *Id*.

Brooks was convicted of refusal to submit to a chemical test enhanced by two prior convictions, and the district court sentenced him to 4 years' probation. Brooks' probation term is within the statutory sentencing range. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014) (Class IIIA felonies punishable by up to 5 years' imprisonment and/or $10,000 fine). However, since the court sentenced Brooks to probation, the statutory requirements of Neb. Rev. Stat. § 60-6,197.03(6) (Cum. Supp. 2012) are also applicable.

Section 60-6,197.03(6) provides that if a person has two prior convictions and the court places the person on probation,

> the court shall, as one of the conditions of probation or sentence suspension, order that the operator's license of such person be revoked for a period of at least five years but not more than fifteen years from the date ordered by the court. The revocation order shall require that the person not drive for a period of forty-five days, after which the court may order that during the period of revocation the person apply for an ignition interlock permit and installation of an ignition interlock device . . . . Such order of probation or sentence suspension shall also include, as conditions, the payment of a one-thousand-dollar fine, confinement in the city or county jail for sixty days, and, upon release from such confinement, the use of a continuous alcohol monitoring device and abstention from alcohol use at all times for no less than sixty days.

In the instant case, the court revoked Brooks' license for 5 years; required that he not drive for a period of 45 days, after which he could apply for an ignition interlock permit and installation of an ignition interlock device; ordered confinement for 90 days with an additional 90 days' confinement ordered to be served incrementally, on the recommendation of probation and the order of the court; and ordered him to abstain from alcohol and complete 120 days of continuous alcohol

monitoring. However, when the court sentenced Brooks to probation, it was also required by § 60-6,197.03(6) to impose a $1,000 fine, and it failed to do so.

[11] A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime. *State v. Alba*, 13 Neb. App. 519, 697 N.W.2d 295 (2005).

[12] Inasmuch as this court has the power on direct appeal to remand a cause for the imposition of a lawful sentence where an erroneous one is pronounced, see *State v. Conover*, 270 Neb. 446, 703 N.W.2d 898 (2005), we vacate the sentence imposed for third-offense refusal to submit to a chemical test and remand the matter for imposition of the sentence required by law.

## CONCLUSION

We reject Brooks' claim that mitigating facts brought to the attention of the court by a defendant pursuant to § 60-6,197.02(3) are used by the district court in determining whether an otherwise valid prior offense should be used for the purpose of enhancement. Therefore, we affirm his conviction. However, because we find that the court imposed an illegal sentence by failing to impose a statutorily required fine, we vacate Brooks' sentence and remand the matter for imposition of the sentence required by law.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED FOR RESENTENCING.